UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN WHITE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>RNDC; DOC; JOHN DOE #1; JOHN DOE #2,<br><br>                              Defendants. | 24-CV-7905 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983. He alleges that, at the Robert N. Davoren Center (RNDC) on Rikers Island, he was subjected to "second-hand smoke," in violation of his constitutional rights. By order dated October 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff's claims arose on June 19, 2024, at RNDC on Rikers Island, where he was in the custody of the New York City Department of Correction (DOC). Plaintiff's factual allegations, in their entirety, are as follows:

> Second Hand Smoke / Constitutional Rights being violated in a smoke free Jail Environment under the fourteenth amendment / negligent to enforced protection of my rights. Been getting sick by Second and Smoking. Nausea, Diziness mental Anguish stuffy nose, sore throat, stomach pain, shortness of breath difficulty breathing and Headache do to the fact correction officers don't enforced none smoking policies its outrageous.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(ECF 1 at 4.)

Plaintiff brings this suit against RNDC, the DOC, and two John Doe Correction Officers, seeking damages.

**DISCUSSION**

**A.      Claims against RNDC and the DOC**

Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). New York law states that agencies of the City of New York cannot be sued in the name of the agency, unless otherwise specified. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

RNDC is a facility operated by the DOC. Under New York law, neither the DOC nor RNDC has the capacity to be sued. *See Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity."); *Adams v. City of New York*, 837 F. Supp. 2d 108, 115 (E.D.N.Y. 2011) ("Because DOC is a non-suable agency of the City, it must be dismissed as a defendant."); *Rivera v. Rikers Island, C 74*, No. 02-CV-1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (dismissing claims against Rikers Island, C 74 "[b]ecause DOC facilities and DOC itself are . . . not suable entities"). Plaintiff's claims against RNDC and the DOC must therefore be dismissed because the claims must be asserted against the City of New York.

As set forth below, the Court grants Plaintiff leave to replead his claims. For Plaintiff's benefit, the Court notes that when a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality

itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). If Plaintiff files an amended complaint, and repleads his claim against the City of New York, he must therefore plead facts showing that a policy, custom, or practice of the City of New York caused the violation of his constitutional rights.

**B.      Claims against John Doe Correction Officers**

To state a personal-capacity claim against an individual defendant under Section 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Here, Plaintiff names two John Doe correction officers in the caption of the complaint but he does not mention these defendants in the body of the complaint or allege any facts showing how they were personally involved in the events underlying his claims. Plaintiff's claims against these John Doe defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As set forth below, the Court grants Plaintiff leave to replead his claims. The Court understands Plaintiff to be bringing a claim for deliberate indifference to a serious risk of harm to him from second-hand smoke. To state a claim for deliberate indifference, in violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a

"mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). A plaintiff who faces a specific threat and is at serious risk of harm need not always wait until he is actually harmed to obtain relief. *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (holding that courts should not deny injunctive relief to prisoners who faced a risk of serious harm from second-hand smoke "on the ground that nothing yet had happened to them").

To satisfy the subjective or "mental" element, a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. A challenge based on negligence, however, does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Thus, if Plaintiff reasserts this claim in an amended complaint, he must plead facts about what each defendant did or failed to do and facts showing that he faced an objectively serious risk of harm and that the defendant acted with the subjective mental state specified above.

## C.    Mailing address

Plaintiff was detained at RNDC when he brought this action and RNDC is listed on the docket as his address of record. According to public records, however, he is currently

incarcerated in Lakeview Correctional Facility, which provides a 90-day program. The Court directs the Clerk of Court to send a copy of this order to Plaintiff at Lakeview Correctional Facility, as well as to his address of record.

The Court reminds Plaintiff that it is his obligation to notify the court of any address change. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024). It is unclear if Plaintiff will remain at Lakeview. The Court therefore directs Plaintiff to notify the Court, within 30 days, of his current mailing address. If Plaintiff fails to do so, the action is subject to dismissal without prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear whether Plaintiff can allege additional facts to state a valid claim for deliberate indifference to a serious risk of harm, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of John Doe defendants does *not* toll the three-year limitations period for a Section 1983 claim in New York, and Plaintiff is responsible for ascertaining the true identity of any "John Doe"

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include in the amended complaint:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how; when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail Plaintiff a copy of this order at Lakeview Correctional Facility, 9300 Lake Ave, P.O. Box T, Brocton, NY 14716-9798, as well as at his address of record. Plaintiff is directed, if he wishes to pursue this action, to notify the Court, within 30 days of the date of this order, of his current mailing address.

---

defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-7905 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff does not file an amended complaint within the time allowed, the federal claims will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline supplemental jurisdiction of his state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 6, 2025
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

### AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                  Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 2:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 3:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

Defendant 4:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Prison Address |

| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____