UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN WHITE,<br><br>                           Plaintiff,<br><br>           -against-<br><br>JOHN DOE #1; JOHN DOE #2; CITY OF NEW YORK,<br><br>                           Defendants. | 24-CV-7905 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who currently is incarcerated at Lakeview Correctional Facility, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for deliberate indifference to a serious risk of harm to him from secondhand smoke during his detention at the Robert N. Davoren Center (RNDC) on Rikers Island. By order dated October 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

**A.     Service on the City of New York**

The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

**B.     Insufficient Information About John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff names two John Doe defendants in connection with his claims arising at RNDC on Rikers Island.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff has not, however, supplied sufficient information to permit the DOC to ascertain the identity of each John Doe whom Plaintiff seeks to sue. For example, Plaintiff does not provide information about when John Does #1 and #2 were on duty, their locations, or a physical description of either.

If Plaintiff wishes to pursue his claims against John Does #1 and #2, he must provide the Court and the New York City Law Department descriptive information for the John Doe Defendants by September 1, 2025, in order to assist the DOC in identifying them.[2] The New York City Law Department shall, within 30 days of receiving this information, identify the Defendants, or notify the Court that the information provided is insufficient.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff and to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

If Plaintiff wishes to pursue his claims against John Does #1 and #2, he must provide the Court and the New York City Law Department descriptive information for the John Doe Defendants no later than September 1, 2025.

SO ORDERED.

Dated: July 2, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] The Court notes that the naming of Doe defendants does not toll the limitations period.